UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JOANNE PIERPONT, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cv-0258-LRH-RAM |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GEOFFREY CURTIS DOW et al., | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is defendant Darwin Hardy's ("Hardy") motion for good faith settlement filed on June 21, 2010. Doc. #35.[1] No party has filed an opposition to the motion.

**I.  Facts and Procedural History**

On April 27, 2007, the parties were involved in a non-collision motor vehicle accident in Washoe County, Nevada. Defendant Geoffrey Curtis Dow ("Dow") allegedly made an unsafe lane change directly in front of defendant Hardy. As a result, Hardy was unable to stop and struck the guard rail.

Plaintiff Joanne Pierpont ("Pierpont"), a passenger in Hardy's vehicle, suffered injuries as a result of the accident. On April 23, 2009, Pierpont filed a complaint against defendants alleging negligence and negligence per se. Doc. #1, Exhibit 1.

---

[1] Refers to the court's docket entry number.

Thereafter, Hardy filed the present motion for an order of good faith settlement between himself and Pierpont, and dismissal from this action. Doc. #35.

## II.  Discussion

Pursuant to Nevada Revised Statute Section 17.245, when a party makes a good faith offer of settlement that is accepted by the other party, the effect of the settlement is to discharge the tortfeasor of liability. NRS § 17.245(2). A district court has discretion to approve or deny the parties' good faith settlement. *Veliscol Chemical Corp. v. Davidson*, 811 P.2d 561, 562-3 (Nev. 1991).

In this action, Hardy made an offer of settlement for $50,000, his insurance policy limits, to Pierpont for her injuries. Pierpont accepted the $50,000 settlement. The court finds that Hardy's settlement was offered in good faith for his contribution to the accident and Pierpont's injuries.

Additionally, no party filed an opposition to Hardy's motion. Pursuant to LR 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Accordingly, the court shall approve the settlement and dismiss defendant Hardy from this action pursuant to NRS § 17.245(2).

IT IS THEREFORE ORDERED that defendant's motion for good faith settlement (Doc. #35) is GRANTED. Defendant Darwin Hardy is DISMISSED as a defendant with prejudice.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2